E. A. CUTTING ET AL. V. J. K. BAKER.

FILED JANUARY 15, 1895.   NO. 5199.

Trial: ADMISSION OF EVIDENCE. Upon an offer to prove certain facts if a pending question is permitted to be answered, such question should be so clearly pertinent that a favorable relevant

answer thereto must obviously tend to establish the existence of some fact material to the issues being tried.  If these essentials are lacking in the question propounded they cannot be supplied by mere offers to make proofs foreign to the scope of such question.

ERROR from the district court of Buffalo county.  Tried below before CHURCH, J.

*Hamer, Sinclair & Brown,* for plaintiffs in error, cited : *White v. Woodruff,* 25 Neb., 797 ; *Smith v. Boyer,* 29 Neb., 76 ; *Newlean v. Olson,* 22 Neb., 717 ; *Hodgkins v. Hook,* 23 Cal., 581 ; *Warner v. Carlton,* 22 Ill., 415 ; *Pyle v. Warren,* 2 Neb., 241 ; *Marsh v. Burley,* 13 Neb., 262 ; *Brunswick v. McClay,* 7 Neb., 138 ; *Severence v. Leavitt,* 16 Neb., 439 ; *Lorton v. Fowler,* 18 Neb., 224 ; *Densmore v. Tomer,* 11 Neb., 118 ; *City of Lincoln v. Holmes,* 20 Neb., 39 ; *Campbell v. Holland,* 22 Neb., 588.

*Greene & Hostetler, contra,* cited : *Ticknor v. McLelland,* 84 Ill., 471 ; *Bull v. Griswold,* 19 Ill., 631 ; *Thompson v. Wilhite,* 81 Ill., 356 ; *Johnson v. Walker,* 23 Neb., 736 ; *Bartling v. Behrends,* 20 Neb., 211 ; *Tootle v. Dunn,* 6 Neb., 93 ; *Western Ins. Co. v. Putnam,* 20 Neb., 331 ; *Brown v. Herr,* 21 Neb., 113 ; *Clemens v. Brillhart,* 17 Neb., 335 ; *Bradford v. Bradford,* 60 Ia., 201 ; *Lavassar v. Washburne,* 50 Wis., 200 ; *Jack v. Brown,* 60 Ia., 271 ; *Collins v. Jackson,* 19 N. W. Rep. [Mich.], 947.

RYAN, C.

The personal property mortgaged to the defendant in error was levied upon by E. A. Cutting by virtue of an execution issued for the satisfaction of a judgment in favor Leroy Drake against Joseph M. and Fannie M. Taylor. For the possession of this personal property the mortgagee commenced this action in the district court of Buffalo county, wherein he obtained judgment as prayed.

On error the only assignments made will now receive consideration in the order in which they occur in the petition in error.    Mr. Henninger testified that the oats included in the mortgage were threshed by him; that Mr. Taylor paid him for doing this threshing, and asked for a receipt showing payment by Baker through him, because as, he said, Drake and those fellows had got him and his wife kind of fixed up and they would have to watch them fellows a little.    On motion this testimony was stricken out on the ground that it was immaterial, irrelevant, and incompetent.    This motion was properly sustained, for the reason that the mortgagee was not bound by statements of which there is no pretense that he had any knowledge. The Taylors had been advanced money by Mr. Baker and for that money had given the chattel mortgage which in this proceeding plaintiffs in error were seeking to have treated as invalid.    After the giving of the mortgage to Baker the horses of the Taylor family were taken under another chattel mortgage and Mr. Baker was compelled to furnish horses necessary to do the threshing in question, and was also under the necessity of making payment of the bill for threshing.    The evidence excluded, therefore, had no tendency even to show fraud on the part of the Taylors, much less did it reflect upon the motives of Mr. Baker in making the payment in question.

Again, it is urged that there was error in excluding the proposed evidence of James Stevens.    He had testified that in the spring or summer of 1888 he had a conversation with Joseph M. Taylor in relation to the crop in controversy.    He was then asked to state what that conversation was.    An objection to this question as immaterial, irrelevant, and incompetent, was sustained.    Thereupon counsel for plaintiffs in error made an offer to prove by this witness that Joseph M. Taylor came to witness and asked him to take a mortgage upon his crop to protect it from the creditors of said Taylor.    This offer was rejected, to which

an exception was taken.  There was pending no question when this offer was denied, consequently the offer stood by itself.  The mortgage of Mr. and Mrs. Taylor to Mr. Baker was made August 1, 1888, so that if the offer was at all governed by the question propounded, a conversation might have been described which had taken place between Stevens and Mr. Taylor as early as in March preceding.  This would have been entirely too liberal a method of impeaching the mortgage to Mr. Baker.  If a conversation did take place of the nature indicated, the time of its occurrence could certainly have been located nearer August first than was proposed.  If not, the evidence itself was immaterial, and this defect in the question could not be cured by a mere offer of proof of material facts.

There are complaints of instructions given, but no reason exists why they should be examined in detail, for they correctly embody principles applicable and usually elucidated in this class of cases.  The evidence was amply sufficient to sustain the verdict of the jury.  The judgment of the district court is

AFFIRMED.